IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     26-mj-68 |
| CARLOS RIVERA-SMITH | : |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

    The government, by and through its attorneys, David Metcalf, United States Attorney, and Jeffrey Dimmig, Assistant United States Attorney, hereby submits this Motion for Pretrial Detention and requests that a detention hearing be held and that the defendant, Carlos Rivera-Smith, be detained.

**I.    INTRODUCTION**

    The defendant is a convicted child sex offender who committed these new charged child sex crimes while he was a registered sex offender. He is charged by complaint and warrant with one count of manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. § 2251(a), (e) based on the defendant's sexual abuse and exploitation of three minor children, one as young as 13 years old, during which he directed them to produce sexually explicit images and send them to him over the Internet. The defendant's crimes extend beyond his computer – for two of his victims the defendant met in person and engaged in oral sex with them.

    In addition to the defendant's continued horrific child sex crimes, his history of abusing and exploiting some of the most vulnerable members of society demonstrates his true danger to the community. The stringent SORNA requirements for a sex offender did not dissuade the

defendant from continued contact with minors, and with the serious prison sentence he is now facing, he also has a substantial incentive to flee. His crimes are so serious that they carry a rebuttal presumption that no condition or combination of conditions will reasonably assure the safety of the community or the defendant's appearance, and the government accordingly moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and the pretrial detention of defendant.

## II.     FACTORS TO BE CONSIDERED

Section 3142 of the Crimes Code sets forth the factors a Court must consider in determining whether there are bail conditions that can be imposed that will reasonably assure the safety of the community and the appearance of the defendant. Those factors are as follows:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).  The government will address each factor.

### A. NATURE AND CIRCUMSTANCES OF OFFENSE CHARGED

#### 1. FACTUAL BACKGROUND

The investigation of this case was initiated by the Reading Police Department after they received information regarding transactions by the defendant, Carlos Antonio Rivera-Smith, on CashApp that were suspected to be potential child exploitation. Their investigation led to the identification of three minor girls in the Reading area with whom the defendant had communicated over Snapchat and paid money in exchange for them producing sexually explicit images at his direction and engaging in sex acts with him. Records obtained by law enforcement from Snapchat and CashApp show that he did so dozens of times over more than two years, beginning in 2022, paying these girls hundreds of dollars for them to sexually exploit themselves and engage in sex acts with the defendant.

Based on the Snapchat conversations and other information gathered during the investigation, Homeland Security Investigations (""HSI") executed a federal search warrant at the defendant's residence in Reading, Berks County, Pennsylvania on January 13, 2026. Numerous electronic devices were seized from his home and have been submitted for forensic examination. The results are pending.

#### 2. MAXIMUM PENALTIES

The maximum sentence for a violation of 18 U.S.C. § 2251, manufacture and attempt to manufacture child pornography is 30 years' imprisonment, with a mandatory minimum of 15 years' imprisonment, five years up to a lifetime of supervised release, a $250,000 fine, mandatory

restitution, and various financial assessments. If the defendant's prior conviction is found to qualify as a "prior offense," that is, if it involved the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the penalties are then elevated to a 50-year statutory maximum and a 25-year mandatory minimum term of imprisonment. Additionally, the defendant is also subject to the provisions in 18 U.S.C. § 2260A, which provides for a consecutive, mandatory 10-year sentence for registered child sex offenders who commit certain enumerated new child sex crimes while required to register – which includes the manufacture and attempted manufacture of child pornography. Thus, the defendant faces a potential 60 years' imprisonment with a 35-year mandatory minimum if convicted of just the one charge in the complaint involving one child victim.  The government anticipates additional charges being filed against the defendant to account for his crimes against all three child victims. Of significance, his anticipated sentencing Guideline range for his crimes against all three victims is calculated at life imprisonment.

      **B.**     **WEIGHT OF THE EVIDENCE**

The weight of the evidence against Defendant is strong.  All three minor victims provided audio and video recorded interviews to law enforcement detailing their interactions with the defendant.  MINOR 1 and MINOR 3 who at times jointly interacted with the defendant, provided substantially similar information to law enforcement about their communications and meetings with the defendant. Further, law enforcement has corroborated much of the information provided by the victims through the CashApp and Snapchat records of the defendant and the forensic examination of MINOR 1's phone.

### C.     HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Defendant is a 38-year-old male registered sex offender.  He is qualified as a Tier 1 offender with the Pennsylvania State Police Megan's Law Unit and is currently registered at his address in Reading. The underlying conviction requiring registration is for a June 19, 2017, conviction of Virginia criminal statute 18.2-374.3 Computer Use to Commit Sexual Offense with Minor.  RIVERA-SMITH was sentenced to 5 years' incarceration imposed, 3 years and 3 months suspended. The defendant is currently unemployed and receives full Social Security Disability Insurance benefits. The defendant enlisted in the U.S. Army in 2006 but was absent without leave shortly after enlisting and was separated from the service in lieu of court martial and received an other than honorable discharge. The defendant resides at his Reading address with his seven-year-old daughter. His mother resides locally in the Reading area.

### D.     NATURE AND SERIOUSNESS OF DANGER POSED BY RELEASE

The defendant poses a significant danger to the community if released prior to disposition of this matter.  As will be argued more fully below, he has a history of committing crimes against minor victims. The current offense involves the use of online communications to entice and offer payment to a local child in exchange for sexually explicit images and sex acts. The crimes committed by the defendant victimize the most vulnerable members of our society and he poses a serious risk to continue offending if not detained pending disposition of this case.

## IV.     **ARGUMENT**

The United States seeks detention of the defendant pending trial pursuant to 18 U.S.C. § 3142(f)(1)(A) and (E) because the defendant is charged with committing a crime of violence and/or a felony that involves a minor victim.  *See* 18 U.S.C. § 3156(a)(4)(C).

Under 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community because there is probable cause to believe that the defendant committed "an offense involving a minor victim under [Title 18, United States Code] section 2423." 18 U.S.C. § 3142(e)(3)(E). This Honorable Court found there was probable cause supporting the charges alleged in the complaint in authorizing the defendant's arrest on January 13, 2026. The government asserts that the defendant cannot rebut the presumption that there is no condition or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person or the community and, therefore, he should be detained.  18 U.S.C. § 3142(f).

The presumption for detention for this crime is based, in part, on the Congressional determination that "sex offenders and child molesters are four times more likely than other violent criminals to recommit their crimes." *Comments of Chairman Lemar Smith*, H.R. Rep. 5422; *See also United States v. Farris*, 2008 WL 1944131 (W.D. Pa. 2008). The dangers surrounding these types of offenses are widely recognized. *See McKune v. Lile*, 536 U.S. 24, 33 (2002) (emphasizing Department of Justice and Federal Bureau of Investigation statistics reflecting substantially increased likelihood of repeat arrests for sex offenders); *United States v.*

*Pugh*, 515 F.3d 1179, 1199 (11th Cir.2008) (discussing influence of sexual offender recidivism in passage of various provisions in the PROTECT Act); *Report of Chairman Sensenbrenner*, H.R. Rep. 107-527, on amendment of 18 U.S.C. § 3583 (expressing congressional determination that "sex offenders and child molesters are four times more likely than other violent criminals to recommit their crimes" and referencing studies and findings documenting (1) a significantly higher rate of recidivism among sexual predators, (2) the number of undetected offenses which such individuals actually commit and (3) the psychological impact such offenses have on the victims); *Doe v. Bredesen*, 507 F.3d 998, 1006 (6th Cir.2007) (noting the legislative findings in numerous states passing sex offender registration systems reflecting the "undisputed high risk of recidivism" by such sex offenders).

### A.     **DANGER TO THE COMMUNITY**

The charges against the defendant are serious and appalling. The defendant is charged in this complaint with contacting a local 13-year-old minor and enticing her to provide sexually explicit images in exchange for payment. As explained above, this behavior is not isolated to this one exchange or this one minor victim. Here the defendant is actively seeking out local minor victims online to obtain sexually explicit material and to commit hands-on sexual offenses. The serious nature of this offense is evident by the significant mandatory sentence the defendant faces upon conviction.

The evidence in this case is strong. All the minor victims provided statements to law enforcement. As described above, law enforcement was able to corroborate much of this information via social media, phone forensics, and financial records. The defendant is an active

registered sex offender and registered at the Reading address where he meets with local teenaged girls.In addition to the offenses charged in this indictment, the government anticipates additional charges being filed against the defendant.

The government contends that, even if the defendant can overcome the presumption in favor of detention, he poses a significant danger to the community. Detention is necessary to protect children in the community from being sexually abused by the defendant, as well as to protect child pornography victims, who are re-victimized each time that individuals like the defendant access the depictions of their sexual exploitation.

The government further contends that, should the defendant be released, there is no feasible way to ensure that the defendant does not pose a danger to minors and to ensure that he does not continue to access child pornography or communicate with minors online. Even a condition that prohibits the defendant from having contact with minor children would not adequately assure the safety of children in the community if the defendant were to be released because there is no way to effectively monitor his compliance with such a condition. Only a 24-hour watch by the Bureau of Prisons can ensure the safety of the community and children, in particular, from the defendant.

Furthermore, in this instance the defendant utilized the internet to facilitate his crimes, there is no way to effectively monitor this defendant's online access to a child, for the following reasons:

(1) Access to the internet is possible through desktop and laptop computers, cell phones, iPods, iPads, and even gaming devices. There is no way to prevent the defendant from purchasing or using an Internet accessible device without the knowledge of Pretrial Services.

(2) Storage devices can range in size, down to the size of a postage stamp, making it impossible for a Pretrial Services officer to locate. There is no way to prevent the defendant from obtaining any storage medium, and no amount of supervision that would detect it in his home or elsewhere.

(3) There is no way to monitor whether the defendant will access the Internet – and child pornography and/or communication with minors about sexual activity – using a public library's computers, using family members' or friends' electronic equipment, or Internet access at any other location, given that there is free WiFi access from any number of public places.

(4) Even if this Court were to order that computer monitoring software be installed on the defendant's home computer(s), there would be no way to detect if he were to subvert the computer monitoring software by simply inserting a device with its own operating system into the computer being monitored, thereby bypassing the monitoring software altogether. The defendant's activities would be completely undetected, and the Pretrial Services officer – and this Court – would instead be issued a report that the defendant is in "compliance."

It is difficult to conceive of any supervision that would detect the defendant's criminal activities. Pre-Trial Services is limited to inspection of items that are in plain view of the officers. Nor is Pretrial Services permitted to seize electronic evidence. "The ubiquitous presence of the internet and the all-encompassing nature of the information it contains are too obvious to require extensive citation or discussion." *United States v. Schenberger*, 498 F.Supp.2d 738, 745 (D. N.J. 2007) ("This Court is not persuaded that meaningful assurances can be given that defendant's access to the internet can be stopped. Even if the defendant could somehow be prohibited from creating, viewing, or exchanging images of child pornography, it is difficult to conceive of measures that could confidently assure that defendant would not communicate with others and encourage the distribution of child pornography and related illicit activities."); *see United States v. Voelker*, 489 F.3d 139, 145 (3d Cir.2007) (finding detention appropriate for a

defendant charged with distributing and receiving child based on the dangers associated with child pornography offenses in general and the difficulty to effectively monitor given the accessibility of the Internet.)

### B. FLIGHT RISK

There is no condition or combination of conditions that would reasonably assure the defendant's appearance as required at future court proceedings. First, the defendant is facing decades of imprisonment, with more charges likely to be forthcoming. This significant potential sentence gives the defendant, who has just recently learned of the investigation and is only now becoming aware of the potential penalties for his criminal conduct, a strong incentive to flee should he be released. *See United States v. Golden*, 2021 WL 51459, *5 (E.D.Pa. 2021) (finding defendant who was facing 15 year mandatory minimum sentence had substantial incentive to flee); *United States v. Ortiz*, 2013 WL 247226, *7 (E.D.Pa. 2013) (finding defendant was flight risk where he was facing life imprisonment including mandatory minimum sentence, evidence against him was strong, and he had resources to flee).

### V. CONCLUSION

Considering the serious nature of the charges, the risk to the community, the lengthy sentence the defendant faces if convicted, and his current status as a registered sex offender, there is no condition or combination of conditions that will reasonably assure the safety of the community, and his appearance as required at future court proceedings.

WHEREFORE, the government respectfully submits that its Motion for Pretrial Detention should be granted, and Defendant should be ordered detained.

        Respectfully submitted,

        DAVID METCALF
        United States Attorney

        /s/ Jeffrey Dimmig
        JEFFREY DIMMIG
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 26-mj-68 |
| **CARLOS RIVERA-SMITH** | : | |

**<u>PRETRIAL DETENTION ORDER</u>**

AND NOW, this _____ day of January 2026, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

(a) There is probable cause to believe, based on the complaint and warrant issued by the federal Magistrate Court on January 13, 2026, that the defendant has committed the offense

12

of manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. § 2251. As a result, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of the community and the defendant's appearance in court.

(b) The evidence in this case is strong, all three minor victims provided audio and video recorded interviews to law enforcement detailing their interactions with the defendant. MINOR 1 and MINOR 3 who at times jointly interacted with the defendant, provided substantially similar information to law enforcement about their communications and meetings with the defendant. Further, law enforcement has corroborated much of the information provided by the victims through the CashApp and Snapchat records of the defendant and the forensic examination of MINOR 1's phone.

(c) If convicted of just this one count of manufacture of child pornography, as charged in the complaint, the defendant faces a maximum penalty of 30 years' imprisonment with a mandatory minimum term of 15 years, and a minimum 5 years up to a lifetime of supervised release, along with numerous other financial and reporting penalties. If the defendant's prior conviction is found to qualify as a "prior offense," that is, if it involved the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the penalties are then elevated to a 50-year statutory maximum and a 25-year mandatory minimum term of imprisonment. This significant and certain term of imprisonment provides ample incentive to flee and also increases the danger he poses to any child in the community.

  (d) The nature of the defendant's crimes, and the difficulty in effectively monitoring child sex offenders whose crimes include use of the Internet, also increases his danger to any child in the community.

  Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____

HONORABLE PAMELA A. CARLOS
United States Magistrate Court Judge

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by e-filing and email on the following defense counsel:

Jesse Smith, Esquire

Jesse_Smith@fd.org

/s/ Jeffrey Dimmig
JEFFREY DIMMIG
Assistant United States Attorney

Date: January 14, 2026.